UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SONJA L. BROWN ex rel. D.D.R.,

                                         Plaintiff,

                                                                     Case # 15-CV-269-FPG

v.

                                                                     DECISION AND ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                                         Defendant.
_____

      Sonja L. Brown ("Plaintiff") brings this action on behalf of her minor child ("D.D.R.") pursuant to Title XVI of the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") that denied her application for Supplemental Security Income ("SSI"). ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

      Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 6, 9. For the reasons that follow, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

      On February 7, 2012, an application for SSI was protectively filed with the Social Security Administration ("the SSA") on behalf of D.D.R., a child under 18 years old. Tr.[1] 97-100. She alleged that she had been disabled since November 1, 2011, due to kidney problems. Tr. 124. After her application was denied at the initial administrative level, a hearing was held

---

[1] References to "Tr." are to the administrative record in this matter.

before Administrative Law Judge Timothy J. Trost ("the ALJ") on September 19, 2013 in which the ALJ considered D.D.R.'s application *de novo*. Tr. 40-52. D.D.R. and her mother appeared at the hearing and testified. *Id.* On December 18, 2013, the ALJ issued a decision finding that D.D.R. was not disabled within the meaning of the Act. Tr. 21-32. That decision became the Commissioner's final decision on January 28, 2015, when the Appeals Council denied D.D.R.'s request for review. Tr. 1-3. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.     Child Disability Standard**

An individual under 18 years old will be considered disabled if he or she has a medically determinable physical or mental impairment that results in marked and severe functional limitations, that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. § 1382c(a)(3)(C)(i).

The Commissioner must follow a three-step process to evaluate child disability claims. *See* 20 C.F.R. § 416.924.  At step one, the ALJ determines whether the child is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 416.924(b).  If so, the child is not disabled.  If not, the ALJ proceeds to step two and determines whether the child has an impairment, or combination of impairments, that is "severe," meaning that it causes "more than minimal functional limitations."  20 C.F.R. § 416.924(c).  If the child does not have a severe impairment or combination of impairments, he or she is "not disabled."  If the child does, the ALJ continues to step three.

At step three, the ALJ examines whether the child's impairment meets, medically equals, or functionally equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  20 C.F.R. § 416.924(d).  To determine whether an impairment or combination of impairments functionally equals the Listings, the ALJ must assess the child's functioning in terms of the following six domains:

>  (1) acquiring and using information;
>  (2) attending and completing tasks;
>  (3) interacting and relating with others;
>  (4) moving about and manipulating objects;
>  (5) caring for yourself; and
>  (6) health and physical well-being.

20 C.F.R. §§ 416.926a(b)(1)(i)-(vi). To "functionally equal the listings," the child's impairment(s) must cause "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed D.D.R.'s claim for benefits under the process described above. At step one, the ALJ found that D.D.R. had not engaged in substantial gainful activity since the application date. Tr. 24. At step two, the ALJ found that D.D.R. has the following severe impairments: chronic kidney disease with benign hypertension, nephrotic syndrome, and obesity. Tr. 24. At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 24.

As to the six domains of functioning, the ALJ found that D.D.R. had a "marked" limitation in Health and Physical Well-Being, a "less than marked" limitation in Moving About and Manipulating Objects, and no limitation in the remaining domains. Tr. 24-31. Thus, the ALJ found that D.D.R.'s impairments, alone or in combination, did not functionally equal an impairment in the Listings. *Id.* Accordingly, the ALJ found D.D.R. not disabled within the meaning of the Act. Tr. 32.

### II. Analysis

D.D.R. argues that remand is warranted because the ALJ's credibility assessment is not supported by substantial evidence.[2] ECF No. 6-1, at 17-19. Specifically, D.D.R. asserts that the ALJ erred because he failed to explain why he found D.D.R. and her mother less than fully credible. *Id.* The Commissioner maintains that the ALJ's credibility assessment was proper

---

[2] D.D.R. advances another argument that she believes warrants reversal of the Commissioner's decision. ECF No. 6-1, at 11-17. Because this Court disposes of this matter based on the improper credibility assessment, however, that argument need not be reached.

because it was "sufficiently specific to conclude that he considered the entire evidentiary record in arriving at his determination." ECF No. 9-1, at 13-14. For the reasons that follow, this Court finds that the ALJ's credibility assessment was not supported by substantial evidence.

An ALJ must "evaluate the credibility of testimony or statements about the claimant's impairments when there is conflicting evidence about the extent of pain, limitations of function, or other symptoms alleged." *Warren ex rel. T.M.W. v. Colvin*, No. 12-CV-00544-JTC, 2014 WL 200231, at *8 (W.D.N.Y. Jan. 16, 2014) (citation omitted); *Snell v. Apfel*, 177 F.3d 128, 135 (2d Cir. 1999) ("Where there is conflicting evidence about a claimant's pain, the ALJ must make credibility findings."). The court must uphold the ALJ's decision and may not substitute its judgment for the Commissioner's when the ALJ's credibility analysis is based on application of the proper legal standards and is supported by substantial evidence. *Hogan v. Astrue*, 491 F. Supp. 2d 347, 352 (W.D.N.Y. 2007) (citing *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980)).

An ALJ must conduct a two-step analysis when he or she considers the extent to which subjective evidence of a claimant's symptoms can reasonably be accepted as consistent with the medical and other objective evidence. *Brownell v. Astrue*, No. 05-CV-0588 (NPM/VEB), 2009 WL 5214948, at *3 (N.D.N.Y. Dec. 28, 2009). First, the ALJ considers whether the medical evidence shows any impairment that "could reasonably be expected to produce the pain or other symptoms alleged[.]" 20 C.F.R. § 416.929(a); S.S.R. 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996). Second, if an impairment is shown, the ALJ must evaluate the "intensity, persistence, or functionally limiting effects" of a claimant's symptoms to determine the extent to which they limit the claimant's capacity to work. 20 C.F.R. § 416.929(b); S.S.R. 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996).

When the objective medical evidence alone does not substantiate the claimant's alleged symptoms, the ALJ must assess the credibility of the claimant's statements considering the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures the claimant has taken to relieve symptoms; and (7) any other factors concerning the claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 416.929(c)(3)(i)-(vii); S.S.R. 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996).

Additionally, "an ALJ is free to accept or reject the testimony of a parent" in an SSI case on a child's behalf. *Phelps v. Colvin*, 20 F. Supp. 3d 392, 404 (W.D.N.Y. 2014) (citation omitted). Lay witness testimony, such as that provided by a parent, "is evidence in a disability determination proceeding and the ALJ must consider it." *Brownell*, 2009 WL 5214948, at *4.

Here, the ALJ mentioned the two-step credibility analysis described above and summarized testimony provided by D.D.R. and her mother, but he never actually made a credibility assessment with regard to their allegations about the intensity, persistence, or functionally limiting effects of D.D.R.'s symptoms. Tr. 25-32. Throughout his decision, the ALJ compares their testimony to the objective medical evidence and seems to determine that the evidence does not support their allegations. Tr. 27-31. The ALJ was thus required to consider the requisite credibility factors and explain his credibility findings, which he failed to do. *See Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 152 (N.D.N.Y. 2012) ("If plaintiff's testimony concerning the intensity, persistence or functional limitations associated with his [or her] impairments is not fully supported by clinical evidence, the ALJ must consider additional

factors[.]"); 20 C.F.R. §§ 416.929(c)(3)(i)-(vii); S.S.R. 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996).

Instead, the ALJ summarily stated that D.D.R.'s medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that "the statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained below." Tr. 25. The ALJ never provides an explanation, however, that makes it clear to this Court why he discounted D.D.R. and her mother's credibility. *See Phelps*, 20 F. Supp. 3d at 403 ("If the ALJ does find that a claimant's testimony is not credible, then the ALJ's determination must be set forth with sufficient specificity to permit intelligible plenary review of the record.") (internal quotation marks and citation omitted); *Hamedallah*, 876 F. Supp. 2d at 152 ("An ALJ rejecting subjective testimony must do so explicitly and with specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether his decision is supported by substantial evidence.") (citation omitted); S.S.R. 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996) ("It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.' It is also not enough for the [ALJ] simply to recite the factors that are described in the regulations for evaluating symptoms."). Accordingly, this Court finds that the ALJ's credibility assessment is not supported by substantial evidence and that remand is required.

## CONCLUSION

For the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 6) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 9) is DENIED, and this matter is REMANDED to the Commissioner for further administrative

proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3).  The Clerk of Court is directed to enter judgment and close this case.

    IT IS SO ORDERED.

Dated: September 28, 2016
       Rochester, New York

                                          _____
                                          HON. FRANK P. GERACI, JR.
                                          Chief Judge
                                          United States District Court